**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIE JENKINS and JAMES :
JACKSON, :
: Civil Action No. 06-2027 (JAP)
    Plaintiffs, :
:
    v. : **O P I N I O N**
:
JOHN D'AMICO, et al., :
:
    Defendants. :

**APPEARANCES:**

Willie Jenkins, Pro Se
#66920/SBI 964213
James Jackson, Pro Se
#66498/SBI 48205A
Northern State Prison
168 Frontage Road
P.O. Box 2300
Newark, NJ 07114

**PISANO**, District Judge

    This matter comes before the Court on Plaintiffs' application for the appointment of pro bono counsel in the above-referenced civil rights case (docket entry 2). For the following reasons, the Court will deny the motion, without prejudice.

**BACKGROUND**

    Plaintiffs are New Jersey state prisoners. They have submitted a civil rights complaint asserting the following three arguments:

1.  The Board's application of the 1997 amendment to N.J.S.A. 30:4-123.56(c) to prisoners subject to the statute prior to its amendment altered their substantial right and is thus in contravention with ex post facto law.
2.  The New Jersey State Parole Board's regulation governing the release of prisoners, N.J.A.C. 10A:71-3.21(d) is so vague that it violates prisoners' rights to due process.
3.  Where New Jersey parole statutes provide a reasonable expectation of release on parole, prison officials' denial of full-minimum custody and transfer to halfway house interfered with the inmates' ability to rehabilitate themselves and violates the due process and ex post facto clauses.

Plaintiffs ask for counsel based on the complexity of the issues presented and their lack of knowledge of the law.  The defendants have not yet been served with the instant complaint.

## DISCUSSION

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*.  See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).  The plaintiff has no right to counsel in a civil case.  See id. at 153-54; Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law."  See Tunnell v. Gardell, 2003 WL 1463394 at * 1 (D. Del. Mar. 14, 2003)(Slip Copy)(citing Parham, 126 F.3d at 457)(other citations omitted).  If the court is satisfied that the claim is "factually and

legally meritorious," then the following factors must be examined: (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf.  See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

    However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time.  See Tabron, 6 F.3d at 157-58.

    In the instant case, Plaintiffs' complaint was recently filed, and the named defendants have not yet been served. Further, whether or not the Plaintiffs' claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate."  Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint

and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, Plaintiffs have not demonstrated at this stage of proceedings, the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses. Likewise, in the case at issue, the Court finds that Plaintiffs are capable of presenting the claims at this early stage. They have presented to this Court without the assistance of counsel not only a thorough Complaint asserting various points of law and referencing applicable statutes and cases, but also a lengthy appendix, the instant motion for appointment of counsel, and applications to proceed in forma pauperis. The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Plaintiffs' need for counsel. In that case, the Court will consider a renewed motion for appointment of counsel. At this point in the litigation, however, the Plaintiffs' motion for appointment of counsel will be denied, without prejudice.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' application for appointment of pro bono counsel will be denied, without prejudice to Plaintiffs renewing the motion if necessary as the litigation proceeds. An appropriate Order accompanies this Opinion.

Dated: August 22, 2006              s/ Joel A. Pisano
                                            JOEL A. PISANO U.S.D.J.

```
Orig:   Clerk
cc:     All parties
        Judge Bongiovanni
        File
```