NOT FOR PUBLICATION                                          CASE CLOSED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIE JENKINS, *ET AL.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 06-2027 (JAP) |
| JOHN D'AMICO, *ET AL.*, | : |
| Defendants. | : **OPINION** |

Presently before the Court is Defendant, Lawrence Gregorio's ("Defendant") motion to dismiss and, alternatively, for summary judgment. *Pro se* Plaintiff, Willie Jenkins ("Plaintiff") opposes Defendant's motion.[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and decides this motion without oral argument as permitted by Fed. R. Civ. P. 78. For the reasons set forth below, the Court grants the motion to dismiss in favor of the Defendant.

**I.     Background**

Plaintiff is a former inmate of Northern State Prison in Newark, New Jersey. Plaintiff was paroled on October 31, 2006, and now resides at a community release program. Plaintiff filed his initial lawsuit against State Defendants Devon Brown ("Brown"), the former Commissioner of the New Jersey Department of Corrections ("DOC"), and John D'Amico

---

[1] Plaintiff, James Jackson, was originally part of the action, but has not participated in the matter since the filing of the original complaint.

("D'Amico"), the former Chairman of the New Jersey State Parole Board ("Board") on May 1, 2006. Plaintiff brought his claims pursuant to 42 U.S.C. § 1983, alleging that certain statutes and policies of the DOC and the Board were unconstitutional.

      Plaintiff received an initial parole hearing before a Board officer on August 21, 2006. The officer referred Plaintiff's case to a two-member Board panel pursuant to N.J.A.C. 10A:71-3.14(b). Plaintiff's parole eligibility date, at the time of the hearing, was November 18, 2006. On August 25, 2006, the two-member panel heard Plaintiff's case and granted him parole release to a community release program for 180 days, subject to numerous parole conditions.

      On August 29, 2006, four days after the Board's approval of Plaintiff's parole release, Deputy Chief Assistant Prosecutor Judy M. Gagliano of the Essex County Prosecutor's Office sent a letter to the Board regarding her position about Plaintiff's parole release. Because the Board did not have an opportunity to review this letter prior to Plaintiff's hearing, the Board temporarily suspended his release, pursuant to N.J.A.C. 10A:71-5.1, and scheduled a continuation of his hearing in order to give the letter consideration. On September 29, 2006, Plaintiff received a letter from the Defendant informing him of the temporary suspension of his parole status.

      Plaintiff's parole hearing reconvened on October 24, 2006, before the same two-member panel that heard his initial case. After considering all of the relevant evidence before it, including Ms. Gagliano's letter, the Board again granted Plaintiff's parole release to a community release program for a minimum of 180 days. On October 31, 2006, the two-member Board panel amended its Notice of Parole Release, which was originally issued on October 24, 2006, to specify that Plaintiff was to be released to Logan Hall Halfway Back Program. Plaintiff was

released to Logan Hall on December 12, 2006.

On December 15, 2006, Brown and D'Amico filed a motion to dismiss the complaint, or in the alternative, for summary judgment, which the Court granted on June 20, 2007. Plaintiff then filed a motion to amend the complaint on January 24, 2007, which the Court granted on February 6, 2007. On April 20, 2007 Plaintiffs filed an amended complaint, adding Lawrence Gregorio as a defendant and a fourth cause of action against the Defendant. In the amended complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiffs allege that in retaliation for Plaintiff exercising his First Amendment right by filing this action, the Defendant placed an "administrative hold" on Jenkins's parole status, which delayed Jenkins's parole to a halfway house. Thereafter, the Defendant filed the instant motion to dismiss, or in the alternative, for summary judgment.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, the court must reasonably read the complaint and decide whether the plaintiff has pled a cognizable cause of action entitling her to relief. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In making this determination, a court accepts as true all of the well-pleaded factual allegations within the complaint and any reasonable inferences drawn therefrom. *Hayes v. Gross*, 982 F.2d 104, 105-06 (3d Cir. 1992). However, the court need not consider plaintiff's bald assertions or legal conclusions. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

### III.     Discussion

Plaintiff alleges that the Defendant placed a temporary suspension on his parole release in retaliation of Plaintiff exercising his First Amendment right to file a civil action. Plaintiff claims that, as a result of the temporary suspension, he suffered adverse action. The Court finds this argument to be without merit.

An inmate's parole release should be suspended if the Board has not approved an inmate's parole plan prior to the release date pursuant to N.J.A.C. 10A:71-5.2(a). The Board may suspend an inmate's parole release date, so long as immediate notification of the suspension, and subsequent vacation, is provided to the inmate and prison administrator pursuant to N.J.A.C. 10A:71-5.1. Here, although the Board's initial decision for Plaintiff's parole release was rendered on August 25, 2006, that decision was based upon an incomplete record of Plaintiff's file. Placing the temporary suspension on Plaintiff's parole, therefore, was well within the mandate of the statute. Moreover, Plaintiff was provided with immediate notice that his parole release was being suspended.

In order to establish his claims that the temporary suspension placed on his parole release was in retaliation for his exercise of a constitutionally protected right, pursuant to 42 U.S.C. § 1983, Plaintiff must prove that: 1) he engaged in constitutionally protected conduct; 2) he was subjected to adverse actions by a state actor; and, 3) the protected activity was a substantial motivating factor in the state actor's decision to take the alleged adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Plaintiff must demonstrate that he suffered, at the hands of the prison officials, an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *See Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000).

Plaintiff, here, cannot show he suffered any adverse action because of the Defendant's actions toward Plaintiff. Plaintiff was provided with due process protections and provided an opportunity to appear before both a hearing officer and two-member panel of the Board. The temporary suspension was a result of the Board properly amending Plaintiff's file to introduce new evidence to the record. The suspension was a standard precautionary measure to ensure that all relevant information was considered before Plaintiff was released on parole so that Plaintiff's release to the community program was in both the public and Plaintiff's best interests. Further, Plaintiff's parole status did not impact the Board's decision as he was still granted his parole release.

Insofar as Plaintiff argues that he suffered from adverse action that affected his rights, the Court does not find this to be the case. Since filing his complaint in May 2006, Plaintiff has repeatedly exercised his First Amendment rights after the alleged adverse action by the Defendant. Plaintiff has filed numerous letters, motions, and opposition briefs with the Court. His rights of access to the Court has hardly been deterred.

To satisfy the third prong of his retaliation claim, Plaintiff must demonstrate a causal link between the exercise of his constitutional rights and the adverse action taken against him by the Defendant. *Rauser*, 241 F.2d at 333. Furthermore, even if Plaintiff can prove that his exercise of a constitutional right was a substantial motivating factor in the adverse action taken, the Defendant can still prevail "by proving that [he] would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penalogical interest." *Id.* at 334.

Plaintiff admits that his parole status was put on temporary suspension because of Ms. Gagliano's letter concerning Plaintiff's suitability for parole release. Plaintiff, however, alleges

that the letter was merely pretext for the Board's actual reason for the temporary suspension — retaliation against Plaintiff for filing his original complaint in May 2006. The Defendant was not an original party to the suit; thus, it appears to the Court that there was no reason for the Defendant to retaliate against Plaintiff. Furthermore, Plaintiff has not provided any evidence to support his allegations that the temporary suspension of his parole was due to his exercise of his First Amendment rights. The Board would have suspended his hearing regardless of whether he filed his initial complaint because they needed to review his full record before granting Plaintiff a parole release.

**III. Conclusion**

For the reasons set forth above, Defendant's motion to dismiss is granted. All claims in Plaintiff's complaint are dismissed with prejudice. An appropriate Order accompanies this Opinion.

    /s/ JOEL A. PISANO
United States District Judge

Date: December 6, 2007